IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDRE K. FIELDS, | § | |
| TDCJ #1065305, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-0675 |
| | § | |
| SONDRA AKPOBOME, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Andre K. Fields (TDCJ #1065305, former TDCJ #541567), is a state

inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions

Division (collectively, "TDCJ").  Fields, who appears *pro se* and *in forma pauperis*, has filed

a civil rights complaint under 42 U.S.C. § 1983.  At the Court's request, Fields has also filed

a more definite statement of his claims.  After reviewing all of the pleadings as required by

28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that

follow.[1]

## I.    BACKGROUND

Fields is currently incarcerated at TDCJ's Allred Unit in Iowa Park, Texas.  Fields

sues Sondra Akpobome, who is employed by TDCJ as a correctional officer at the

Darrington Unit in Rosharon, Texas, where Fields was formerly assigned.  Fields alleges that

---

[1]    On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to
United States District Judge Melinda Harmon.  This case is being handled by the undersigned
by agreement of the judges.

he was "assaulted" by Officer Akpobome at the Darrington Unit on May 7, 2005.  Fields contends that the assault occurred "in retaliation for his complaints to a supervisor."

Fields explains that, on the day of the assault, Officer Akpobome instructed him to exit his cell for the purpose of a cell search.  Fields "refused" to leave his cell and requested the presence of a ranking official.  Fields then held the cell door shut with his right foot so that Officer Akpobome could not enter.  Fields states that Officer Akpobome first attempted to "dislodge" his foot from the door by kicking it.  When Fields continued to block the cell door with his right foot, Officer Akpobome reportedly took "an ink pen from her shirt pocket" and began jabbing his big toe.  As a result, Fields complains that he suffered a wound in the "white meat of the flesh of the [big] toe" on his right foot.

Fields contends that Officer Akpobome used excessive force against him in violation of the Eighth Amendment.  He complains further that she assaulted him in retaliation for his previous complaints to her supervisor.  Fields seeks compensatory and punitive damages. The Court concludes, however, that the complaint must be dismissed for reasons discussed further below.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates initial screening of a prisoner civil rights complaint.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A reviewing court may dismiss a complaint for these same reasons "at any time" where a

party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where

the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief").

A district court may dismiss a prisoner's complaint as frivolous if the complaint "lacks

an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A

complaint lacks an arguable basis in law if it is based on an indisputably meritless legal

theory, such as if the complaint alleges the violation of a legal interest which clearly does not

exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state

a claim is governed by the same standard used to review a dismissal pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231

(5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)),

*cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as

true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955,

1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must

be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state

3

a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

### A.   Excessive Force

Fields complains that Officer Akpbome used excessive force against him by jabbing him in the big toe with an ink pen. Claims of excessive force in the prison context are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. In that context, it is well established that not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In that respect, the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation and quotation omitted). To prevail on an excessive force claim under the Eighth Amendment, a plaintiff must establish (1) that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and (2) that he suffered some injury as a result. *See Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (citing *Hudson*, 503 U.S. at 7; and *Jackson v. Culbertson*, 984 F.2d 699 (5th Cir. 1993)).

4

In this instance, Fields admits that Officer Akpobome kicked his foot and then poked his big toe with an ink pen "because of [his] refusal to remove [his] foot to allow the cell door to be rolled open." (Doc. # 14, Plaintiff's More Definite Statement, at 1). The amount of force described in this case appears to have been reasonably employed in response to Fields's recalcitrant efforts to obstruct the opening of his cell door and his refusal to obey Officer Akpobome's orders. The facts alleged by Fields fail to show that the force was maliciously or sadistically applied, rather than employed in a good-faith effort to maintain or restore discipline. Likewise, the allegations do not describe force of the sort that qualifies as "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10.

Moreover, it does not appear that Fields suffered the requisite physical injury as a result of the force employed. In this instance, Fields reports that the wound he sustained as a result of being jabbed by an ink pen was "[one-third] of an inch wide into the white meat of the flesh of the [big] toe" on his right foot. (Doc. # 14, Plaintiff's More Definite Statement, at 2). The wound was treated with "peroxide" and covered with a band-aid. (*Id.*). Fields was not hospitalized and he did not require medication. (*Id.* at 3). Fields describes his current medical condition as "fine." (*Id.*).

As the Fifth Circuit has emphasized, "some physical injury is an indispensable element of an Eighth Amendment excessive force claim." *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999). To establish liability under the Eighth Amendment, the Fifth Circuit has held that a prisoner "must have suffered from the excessive force a more than *de minimis* physical injury." *Id.* at 924. The Prison Litigation Reform Act, which governs this suit, also

provides that "[n]o federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Fifth Circuit has clarified that, where a correctional officer twisted a prisoner's arm and twisted his ear, resulting in bruising and soreness that lasted for three days, the injury was *de minimis* and would not support an Eighth Amendment claim. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). By contrast, allegations that an inmate has suffered multiple "cuts, scrapes, contusions to the face, head and body" resulting in long-term damage from an intense encounter with correctional officers are not likely to be considered *de minimis*. *See Gomez*, 163 F.3d at 924-25; *see also Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) ("In determining whether an injury caused by excessive force is more than *de minimis*, we look to the context in which that force was deployed.").

In this case, the use of force described by Fields was unlikely to produce serious physical harm. In that respect, the incident at issue stemmed from a limited encounter with a female correctional officer who poked the plaintiff in the big toe with an ink pen because he refused to remove his foot from the entrance to his cell. Fields admits that his injury was so slight that it required little more than a band-aid and that he has suffered no long-term adverse effect from the incident. Based on this record, the Court concludes that the injuries sustained by him fit within the category of *de minimis* harms that are excluded from liability under the Eighth Amendment. *See* 42 U.S.C. § 1997e(e); *Siglar*, 112 F.3d at 193.

Accordingly, Fields has failed to state a valid claim for excessive force in violation of the Eighth Amendment.

**B.    Retaliation**

Fields alleges further that Officer Akpobome used excessive force against him in retaliation for his previous "verbal complaints" to her supervisor about her job performance. Claims of retaliation generally flow from protections provided by the First Amendment.  A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), or for complaining through proper channels about a guard's misconduct.  *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995)).  To prevail on a claim of retaliation a prisoner must establish the following elements: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *See Morris*, 449 F.3d at 684; *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

The Fifth Circuit has cautioned that claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions.  *See Woods*, 60 F.3d 1166.  Thus, an inmate must allege more than his personal belief that he is the victim of retaliation.  *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997).  To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a

7

chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *See Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166.

In this case, Fields fails to satisfy the requisite element of causation by demonstrating that, but for his previous verbal complaints, Officer Akpobome would not have used force against him on the day in question. As noted above, Fields admits that Officer Akpobome used force against him "because of [his] refusal to remove [his] foot to allow the cell door to be rolled open." (Doc. # 14, Plaintiff's More Definite Statement, at 1). Fields, who also admits that he had received numerous disciplinary cases at the Darrington Unit facility for refusing to obey orders, refusing to groom, masturbation, and for fighting with at least two other inmates, does not otherwise allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Accordingly, Fields fails to state a valid claim for retaliation. The Court concludes, therefore, that his complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's complaint is **DISMISSED** with prejudice as legally frivolous and for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to:**

**(1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on December 5, 2007.

Nancy F. Atlas
United States District Judge

9